**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco JIMENEZ–ARZATE, Defendant–Appellant.**

**No. 12–50373.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2014.[*]

Filed Jan. 24, 2014.

Faith Aline Devine, Esquire, Assistant U.S., Bruce R. Castetter, Assistant U.S., Andrew Richard Haden, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kara Hartzler, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

**MEMORANDUM** [**]

Francisco Jimenez–Arzate appeals from the district court's judgment and challenges the 34–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez–Arzate contends that the district court erred by applying a 12–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because assault with a deadly weapon under section 245(a) of the California Penal Code is not a categorical crime of violence in light of recent California case law that does not require the intentional use of force for a conviction under section 245(a). This contention is foreclosed by *United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir.2009). Jimenez–Arzate's argument that we are not bound by *Grajeda* is without merit. *See Newdow v. Lefevre,* 598 F.3d 638, 644 (9th Cir.2010) (a three judge panel is bound by circuit precedent unless it is "clearly irreconcilable" with intervening higher authority); *see also Banuelos–Ayon v. Holder,* 611 F.3d 1080, 1086 (9th Cir.2010) (concluding that *Johnson v. United States,* 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2010), which concerned a statute "akin to California's simple battery statute," did not undermine this court's prior conclusion that a conviction for willful infliction of corporal injury upon a spouse or cohabitant was a categorical crime of violence).

Jimenez–Arzate also contends that the district court erred in imposing a three-year term of supervised release in light of U.S.S.G. § 5D1.1(c) and Jimenez–Arzate's individual circumstances. The district court did not err. The record reflects that the district court considered the 18 U.S.C. § 3553(a) sentencing factors, including the need for deterrence. Moreover, the three-year term of supervised release is substantively reasonable in light of the totality of the circumstances, including Jimenez–Arzate's criminal history and prior deportations. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also* U.S.S.G. § 5D1.1 cmt. n. 5.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.